**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action No. 1:12-cv-967-JLK

KENNETH JASON RAGSDELL,

    Plaintiff,

v.

REGIONAL HOUSING ALLIANCE OF LA PLATA COUNTY,

    Defendant.

## OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

**Kane, J.**

Remaining in this case are Plaintiff's § 1983 claim for violation of the equal protection clause, *see* Doc.1 at ¶¶ 48-59, and Plaintiff's Colorado Anti-Discrimination Act claim based on alleged disability discrimination, *id.* at ¶¶ 76-89. Defendant has moved to dismiss Plaintiff's § 1983 claim on the ground that it is precluded by the comprehensive remedial scheme of the Rehabilitation Act (RHA), and Plaintiff's RHA claim has been dismissed. Doc. 96.

Defendant argues that six other circuits have held that the Rehabilitation Act contains a comprehensive remedial scheme intended by Congress to foreclose resort to the more general provisions of § 1983. Doc. 96 at 3-4; Doc. 102 at 7 n.1. However, as Plaintiff notes, these cases considered use of §1983 to remedy statutory violations, not violations of the equal protection clause as Plaintiff alleges here. *See Vinson v. Thomas*, 288 F.3d 1145, 1155-56 (9th Cir. 2002) (considering statutory violations under § 1983); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1011 (8th Cir. 1999) (same); *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1531 (11th Cir. 1997) (same); *A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791, 806 (3d Cir. 2007) (same); *M.M.R.-*

*Z v. Puerto Rico*, 528 F.3d 9, 13 n. 3 (1st Cir. 2008) (same); *Latasha v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 456–57 (5th Cir. 2010) (analyzing §1983 claim based on statutory and constitutional violations separately).  I agree with Defendants that the Tenth Circuit would find, based on this authority, that Plaintiff may not bring a claim for violation of the RHA under § 1983.  However, these cases do not stand for the proposition that Plaintiff may not resort to § 1983 to assert a violation of the equal protection clause itself.

Defendant briefly argues that Plaintiff's equal protection claim should be dismissed because it is not a separate and independent claim from his RHA claim.  *See* Doc. 102 at 5.  But Plaintiff has not simply restated his claims for violation of the RHA as a violation of the equal protection clause, but has alleged similarly situated individuals were treated differently on account of their disability.  *See* Doc. 1 at ¶ 25.  Although the Tenth Circuit's order and judgment in this case did suggest that the equal protection clause did not apply to unequal treatment based on disability, Doc. 78 at 4-5, the Tenth Circuit was considering whether the law was "clearly established" for qualified immunity purposes, and expressly did not reach the merits of Plaintiff's constitutional claim.  *Id*. at 8.  Defendant does not argue that Plaintiff's equal protection claim should be dismissed on the merits.  Accordingly, to the extent that Plaintiff's § 1983 claim is based on violation of the equal protection clause and not the RHA, Defendant's motion to dismiss (Doc. 96) is **DENIED**.  The parties are **ORDERED** to jointly call chambers at 303-844-6118 on or before Friday, March 4, 2016 in order to set a pre-trial conference in this case.

DATED:     February 24, 2016          BY THE COURT:

*s/John L. Kane*
Senior U.S. District Court Judge

2